UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JULIE L. COUCH, personal representative
of the Estate of Mark W. Reinhold,

                Plaintiff,

v.

MARIAN M. REINHOLD

                Defendant.
_____/

Case No. 4:06-CV-146

Hon. Richard Alan Enslen

**OPINION**

      Pending before this Court are Plaintiff Julie L. Couch's Motion to Remand and Defendant Marian M. Reinhold's Motion to Dismiss or for Summary Judgment and Motion for Judgment on the Pleadings. Oral argument is unnecessary in light of the multiple briefings received from the parties. *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

      This suit was originally filed before the Kalamazoo County Circuit Court, but was removed by Notice of Removal filed by counsel for Defendant Marian M. Reinhold. Plaintiff Julie L. Couch, personal representative of the Estate of Mark W. Reinhold, filed the original suit to recover insurance proceeds paid to Defendant Marian M. Reinhold (Mark W. Reinhold's mother) pursuant to a disputed beneficiary designation. The basis for removal were federal questions arising under the Employee Retirement and Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. (Not. of Removal 2.) Though the Notice was not specific, the case law referenced in the Notice included cases such as *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987), which precluded an ERISA claimant from bringing state law claims which were preempted by section 514(a) of ERISA (ERISA's preemption provision codified at 29 U.S.C. § 1144(a)).

Upon removal of the suit, Plaintiff, with leave of Court, filed a Second Amended Complaint for Declaratory Judgment/Relief and Money Damages on January 31, 2007. (Sec. Am. Compl. 1, 9.)   The Second Amended Complaint alleges the following: 1.  Count I, state law claim for declaratory judgment to void beneficiary designation under state law (against Defendant Marian Reinhold); 2.  Count II, state law claim for unjust enrichment against Defendant Marian Reinhold); 3. Count III, state law claim for misrepresentation against Defendant Marian Reinhold; 4. Count IV, state law claim for constructive trust against Defendant Marian Reinhold.  The Second Amended Complaint also included a Count V, ERISA count, against Defendant Metropolitan Life Insurance Company, though this claim has been dismissed by voluntary stipulation.

Central to this dispute is the decedent's conduct in making a beneficiary designation to his mother at a time when he was bound by the terms of a divorce decree to purchase life insurance as security for his obligations to pay spousal support to his ex-wife and as security to fund the future college tuition and expenses of his two children.  (*See* Sec. Am. Compl. ¶¶ 28-34.)  Plaintiff has also alleged that the beneficiary designation favoring the decedent's mother, Marian Reinhold, was made at a time when the decedent was incompetent due to mental disease and when Reinhold had applied to be a conservator for the decedent.  (*Id.* at ¶¶ 11-12.)

## DISMISSAL STANDARDS

Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[1]  *Conley v. Gibson*, 355 U.S.

_____

[1]The Court is here eliciting the dismissal standards rather than the summary judgment standards because it has elected to interpret Defendant's alternate motion for dismissal or summary judgment as one for dismissal and to exclude references to matters outside the pleadings as allowed by Federal Rule of Civil Procedure 12(b).  *See Aamot v. Kassel*, 1F.3d 441, 445 (6th Cir 1993) (recognizing that the decision to exclude or not exclude references outside the

41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (following *Conley*); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004) (same); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003) (same).  The allegations must be construed in the plaintiff's favor.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). This standard is not empty, however.  It requires more than the bare assertion of legal conclusions. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  A complaint need not anticipate defenses.  *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). However, the complaint "'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  The district court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

These same dismissal standards apply to the review of a Rule 12(c) motion requesting judgment on the pleadings.  *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (citing *EEOC  v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)); *see also, e.g., Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991).

---

pleadings is within the district court's discretion).

## LEGAL ANALYSIS

### 1. Motion to Remand

Plaintiff's Motion to Remand is premised on the view that its original Complaint only alleged state law causes of action independent of the ERISA plan such that under the well-pleaded complaint rule, there was no federal basis of jurisdiction supporting the removal. (Mot. ¶ 4.) Plaintiff argues that since the benefits have already been distributed, the ERISA plan and defenses are no longer pertinent. (Br. in Supp. 6-7.)

Plaintiff's arguments show that they were late to class. The United States Supreme Court already decided this identical issue in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 56, 63-64 (1987). The *Taylor* Court said:

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. *Gully v. First National Bank, supra.* One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. . . .

> Taylor argues strenuously that this action cannot be removed to federal court because it was not "obvious" at the time he filed suit that his common law action was both pre-empted by § 514(a), 29 U.S.C. § 1144(a), and also displaced by the civil enforcement provisions of § 502(a). See Brief for Respondent 14-21. But the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court. Since we have found Taylor's cause of action to be within the scope of § 502(a), we must honor that intent whether pre-emption was obvious or not at the time this suit was filed.

*Id.* at 63-66.

4

This reasoning has been applied by multiple panels of the Sixth Circuit Court of Appeals to lawsuits seeking state law remedies inconsistent with ERISA enforcement provisions. That case law, as explained below, makes clear that ERISA preemption applies to some, but not all, of Plaintiff's claims. Due to the partial applicability of the preemption defense, removal of this action was proper and remand under 28 U.S.C. § 1447 is not.

### 2. Motions to Dismiss and for Judgment on the Pleadings

What is the dividing line between claims which are precluded by ERISA's preemption provision and those which are not? The basic rules of federal preemption premised upon the Supremacy Clause of the United States Constitution were explained by the United States Supreme Court in its *Travelers* decision:

> Our past cases have recognized that the Supremacy Clause, U.S. Const., Art. VI, may entail pre-emption of state law either by express provision, by implication, or by a conflict between federal and state law. *See Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n,* 461 U.S. 190, 203-204, . . . 75 L. Ed. 2d 752 (1983); *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S. Ct. 1146, 1152, 91 L. Ed. 1447 (1947). And yet, despite the variety of these opportunities for federal preeminence, we have never assumed lightly that Congress has derogated state regulation, but instead have addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law. . . . Indeed, in cases like this one, where federal law is said to bar state action in fields of traditional state regulation, *see Hillsborough County v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 719, 105 S. Ct. 2371, 2378, 85 L. Ed. 2d 714 (1985), we have worked on the "assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice, supra,* at 230, 67 S. Ct. at 1152. . . .

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654-55 (1995).

ERISA, as it happens, does contain express preemption language directing preemption of certain state law claims. Section 514 of ERISA, as amended, provides in pertinent part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.  This section shall take effect on January 1, 1975.

29 U.S.C. § 1144(a).   The "except"/savings clause generally refers to the fact that state insurance, banking and securities regulation, including, for example, laws governing insurance reserves, are not preempted   *See* 29 U.S.C. § 1144(b)(2)(A), (b)(6)(A).  Also exempt from preemption are state tax laws.  *See* 29 U.S.C. § 1144(b)(5)(B).

Section 514's preemption clause was interpreted by Justice O'Connor in *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45-46 (1987), as "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern."  Consistent with the *Pilot* decision, the Sixth Circuit later held in *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991), that state causes of action for breach of contract, promissory estoppel, negligence, and breach of good faith were preempted by section 514.  The broad statement of the ERISA preemption rule in *Cromwell* was more recently followed by the Circuit in *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 587-89 (6th Cir. 2006), and continues to represent the precedent of this Circuit as to the breadth of the preemption clause.  The *Hutchison* ruling relied not only on the *Pilot* decision, but the more recent statement of the ERISA preemption rule in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  In *Davila*, the rule was expressed as follows:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). . . .   In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

6

*Id.* While the plaintiffs complained in *Davila* that the denial of coverage violated independent legal duties (relating to the standard of care for medical treatment) under state law regulating insurance, this argument was rejected because the duties were dependent upon the plan-created benefits. *Id.* at 212-13. It was further rejected because the creation of state remedies were deemed to be at odds with ERISA's regulatory scheme. *Id.* at 220. *See also Hutchison*, 469 F.3d at 587-89 (following *Davila*).

In this case, Plaintiff's claims for declaratory judgment (relating to the contractual benefits), unjust enrichment and misrepresentation were determined to be preempted in *Cromwell*. Those claims seek, under state law, a different disposition of employee benefits than was directed under the ERISA plan and procedures. As such, those claims are preempted by federal law.

Notwithstanding, the same conclusion does not apply as to Plaintiff's Count IV claims for constructive trust. The Sixth Circuit Court of Appeals considered a nearly identical case in *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 677-79 (6th Cir. 2000). Its reasoning is worthy of quotation at length:

> As the district court properly concluded, the injunction entered by the domestic relations court did not comply with the requirements of Section 1056(d)(3)(C). Other than naming the parties, the Michigan court order did not provide *any* of the required information, *e.g.*, Kenneth's address, the amount or percentage of the participant's benefits to be paid by the plan, the number of payments or durational period of the order, or the name of the plan. This injunction neither literally nor substantially complied with the requirements set forth in Section 1056.

> Therefore, the district court correctly concluded that the domestic relations court's order was preempted by ERISA. Because Kenneth's beneficiary designation complied with the requirements in the Central States' plan documents, Central States' administrator was obligated to pay the insurance proceeds to the named beneficiaries-Kenneth's children.

> Resolving Central States' claim does not end our inquiry, however. JoAnn Howell argues that because Kenneth violated the Michigan domestic relations court order, his

7

wrongdoing entitles her to the equitable remedy of a constructive trust imposed upon the $30,000 ERISA plan proceeds.

It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents.  However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that might be traced to the ERISA plan proceeds. . . .

The U.S. Supreme Court held that the benefits in an ERISA employee welfare benefit plan can be subject to state garnishment proceedings.  *See Mackey v. Lanier Collection Agency and Serv., Inc.,* 486 U. S. 825, 831-32, 108 S. Ct. 2182, 100 L. Ed. 2d 836 (1988) ("... Congress did not intend to forbid the use of state-law mechanisms of executing judgments against ERISA welfare benefit plans, even when those mechanisms prevent plan participants from receiving their benefits.")  When the Supreme Court considered the propriety of allowing a state to impose a constructive trust upon ERISA-plan benefits, the Court stated, "We see no meaningful distinction between a writ of garnishment and the constructive trust remedy imposed in this case."  *See Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U. S. 365, 372, 110 S. Ct. 680, 107 L. Ed. 2d 782 (1990).  However, the High Court distinguished between ERISA's anti-alienation provision governing employee welfare benefit plans, such as the one presented in *Mackey,* and the provision governing pension plans, such as the one presented in *Guidry.*  On that distinction, the Court concluded that a constructive trust could not be imposed against an ERISA *pension* plan. *See Guidry,* 493 U. S. at 371-72, 110 S. Ct. 680.

On remand from the Supreme Court, the Tenth Circuit considered whether a constructive trust could be imposed upon ERISA pension plan benefits *after* they had been distributed to the beneficiary.  *See Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 39 F.3d 1078, 1081-83 (10th Cir.1994) (*en banc* decision after remand from the U.S. Supreme Court, *Guidry,* 493 U. S. at 365, 110 S. Ct. 680).  The Tenth Circuit recognized that the anti-alienation provision of ERISA precluded the imposition of a constructive trust *before* distribution of benefits to the beneficiary, but it held that nothing in the legislative scheme prevented the imposition of a constructive trust *after* the benefits were paid to the beneficiary of the pension benefits.  *See id.* at 1086.  We find the Tenth Circuit's reasoning persuasive.  Today, we hold that once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits.

*Id.*

8

This case is akin to *Howell*.  The benefits have already been paid by Metropolitan Life Insurance and the suit against the recipient of those benefits is framed in terms of a constructive trust–a traditional state remedy.  As in *Howell*, there is a putative basis under state law for imposition of the trust given the violation of the divorce decree requiring that life insurance be provided as security for spousal support and children's college tuition and expenses.  This is true even if, as in *Howell*, the divorce decree provisions do not qualify as a Qualified Domestic Relations Order.  While Defendant seeks to distinguish *Howell* on various grounds, including that the divorce decree was entered by default, these grounds do not provide a basis for determining that the divorce decree may not be subject to enforcement under a state law theory of constructive trust.  Those grounds also fail to rebut the basic holding in *Howell* that ERISA claim preclusion does not prevent equity remedies under state law from applying to ERISA funds once they are paid to a designated beneficiary.  Therefore, the Court determines that all of Plaintiff's claims are preempted by ERISA except for the state law claim for constructive trust.

### 3. Remand pursuant to 28 U.S.C. § 1367(c)(3)

What remains in this suit is a state law claim for constructive trust which, as a matter of law, is not subject to a federal preemption defense.  In other words, this Court has resolved all federal claims and defenses in this suit.  In a like situation, the Fifth Circuit Court of Appeals determined that after dismissal of claims subject to a federal ERISA preemption defense, the district court should consider under 28 U.S.C. § 1367(c)(3) whether or not to dismiss the remaining state law claim.  The Fifth Circuit said:

> In light of this holding, we remand the advertising claim to the district court so that the court can exercise its discretion either to (1) accept supplemental jurisdiction over the state law claim or (2) decline jurisdiction and remand the claim to state court.  A federal district court may entertain state law claims pursuant to its "supplemental

jurisdiction," provided that the claims arise from the case or controversy over which the district court had original jurisdiction. *See* 28 U.S.C. § 1367; *Welch v. Thompson,* 20 F.3d 636, 644 (5th Cir. 1994). When all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims.

*Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 947 (5th Cir. 1995).

While the Court retains discretion to entertain the state law claim if justice so requires , the Court is of the opinion that it should dismiss the claim and leave it to resolution by the Michigan state courts. This practice best serves the state courts' interests in comity and is most consistent with the long-standing practice of judicial restraint by the federal courts as to matters of state law. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 254. (6th Cir. 1996). This is particularly so here given the interests of the state courts in enforcement of divorce decrees and the societal interests of women and children affected by those decrees.

## <u>CONCLUSION</u>

For the reasons given, Plaintiff's Motion to Remand will be denied, Defendant's Motion for Judgment on the Pleadings and Motion to Dismiss will be granted except as to the constructive trust claim, and the constructive trust claim will be remanded to state court for resolution pursuant to 28 U.S.C. § 1367(c)(3).

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:           RICHARD ALAN ENSLEN
    March 6, 2008                SENIOR UNITED STATES DISTRICT JUDGE